IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMOS DEHONTIQUAN SNOWDEN,
    Plaintiff,

vs.                                                Case No.: 3:06cv208/RV/EMT

TRAVIS CARL PEACOCK, et al.,
    Defendants.
_____/

## **ORDER**

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 11). From a review of the complaint, it is evident that Plaintiff must clarify the relief he seeks. The court will therefore allow Plaintiff an opportunity to correct the deficiency in an amended complaint.

As Defendants, Plaintiff names Patrol Officers Travis Carl Peacock and Christain Allen (Doc. 1 at 1, 2). Plaintiff states that on the morning of February 14, 2006, he was sitting on the upstairs step in his house (*id.* at 7). His girlfriend, Mary Maldonado was holding him; she was worried he might be hurt or might have overdosed on drugs, and she had called 911 (*id.*). The police entered the house and walked up the stairs (*id.*). The officers told Ms. Maldonado to move away from Plaintiff, and one officer "moved in and grabed [sic] [Plaintiff] and slambed [sic] [him] to the ground" (*id.*). The officers handcuffed Plaintiff, and while Plaintiff was handcuffed on the ground, Officer Peacock began asking Plaintiff his name (*id.*). Plaintiff would not tell Officer Peacock his name, even after Officer Peacock told Plaintiff not to resist (*id.*). Next, Plaintiff states that Officer Peacock removed his taser and shot Plaintiff in the chest and forehead (*id.*). As Plaintiff was "still shaken from the taser," Officer Peacock grabbed Plaintiff by the leg and Officer Allen shot Plaintiff with a taser twice in Plaintiff's left foot (*id.*). Finally, the officers brought Plaintiff to the jail naked (*id.*).

Plaintiff claims that the Defendants used excessive force and tortured him while he was in handcuffs (*id.* at 8). As relief, Plaintiff "would like the court to file criminal charges against these two [Defendants] as well as [a] civil suit" (*id.*).

Plaintiff is not entitled to all of the relief he seeks. As a private citizen, Plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). In his amended complaint, Plaintiff should clarify the relief he seeks, recognizing that this court has no authority to file criminal charges against the Defendants, nor can this court direct that criminal charges be filed.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant was involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. <u>Plaintiff should state the nature of the relief he seeks, and he should not include a request that criminal charges be filed against the Defendants</u>. Finally, Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "**Amended Complaint**." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 13th day of September 2006.

            /s/ *Elizabeth M. Timothy*
            **ELIZABETH M. TIMOTHY**
            **UNITED STATES MAGISTRATE JUDGE**